IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANTONIOUS WILDER,**
**D.O.C. # 187653,**

    **Plaintiff,**

vs.                                                     Case No. 4:24-cv-348-TKW-MAF

**STATE OF FLORIDA and**
**RICKY DIXON,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a pro se state prisoner, filed a civil rights complaint seeking damages, ECF No. 1, and a motion for leave to proceed in forma pauperis (IFP), ECF No. 2. He appears to challenge his state armed robbery criminal conviction, sentencing, and resentencing, all of which occurred between 1995 and 2006, under state law and the 5th, 6th, 8th, and 14th Amendments. ECF No. 1 at 5, 7.

Plaintiff is a three-striker under 28 U.S.C § 1915 and indicates so in his complaint. Id. at 9. Judicial notice is taken of the following cases dismissed for Plaintiff's failure to state a claim: (1) Wilder v. Burnside, Case No. 1:04-cv-21801-MGC (S.D. Fla. 2004); (2) Wilder v. Burnside, Case No. 1:04-cv-20902-JAL, (S.D. Fla. 2004); and (3) Wilder v. Nichols, Case No. 3:11-cv-

0348-RV-EMT (N.D. Fla. 2012). All were filed when Plaintiff was a prisoner. More recently, Plaintiff has had multiple cases dismissed pursuant to § 1915(g). See, e.g., Wilder v. State of Florida, Case No. 1:16-cv-34 (N.D. Fla. 2016); Wilder v. Hodgson, Case No. 3:18-cv-500-BJD-JK (M.D. Fla. 2018); Wilder v. Jordan, Case No. 3:18-cv-671-TJC-MCR (M.D. Fla. 2018).

Thus, Plaintiff is not eligible for in forma pauperis status because he is a three-striker under § 1915(g) and does not allege he is in imminent danger of serious physical injury. That statute prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

To the extent Plaintiff seeks to challenge his conviction, ordinarily his remedy would be by way of a petition for writ of habeas corpus. However, court records show Plaintiff has attempted to do this several times in the proper forum, and all have been dismissed as time-barred due to the one-year limitations period of 28 U.S.C. § 2244(d)(1). See, e.g., Wilder v. Jones, Case No. 16-cv-24518-DPG (S.D. Fla. 2016); Wilder v. State of Florida, Case No. 18-cv-24418-KMW (S.D. Fla. 2018).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, ECF No. 2, be **DENIED**, that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on August 30, 2024.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon**

**all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**